IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AK STEEL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 02-MC-161 |
| ) | |
| v. ) | |
| ) | |
| BRUTCO STAINLESS & ALLOY, INC., ) | |
| ) | |
| Defendant. ) | |

### MOTION TO COMPEL JOEL B. WIENER
### TO COMPLY WITH SUBPOENA

NOW COMES Plaintiff, AK Steel Corporation ("AK Steel"), by and through its attorneys, Meyer, Unkovic & Scott LLP, and moves this Court to Order Joel B. Wiener ("Wiener") to comply with the subpoena served upon him on the following grounds:

1. On June 13, 2002, AK Steel transferred to this Court its judgment in excess of half a million dollars against Brutco Stainless & Alloy, Inc. ("Brutco"), which judgment was entered in the United States District Court for the Western District of Pennsylvania at Civil Action No. 01-0753.

2. Judgment was entered in favor of AK Steel due to Brutco's failure to pay for certain stainless strip steel which AK Steel sold to Brutco. To date, substantially all of the principal judgment in addition to accrued interest remains outstanding.

3. AK Steel has been engaging in efforts to execute on its judgment to which it is entitled. As part of such ongoing efforts, AK Steel issued a subpoena requiring the production of documents from Wiener, an officer/owner and/or director of Brutco, at Wiener's business address: Commonwealth Building, 512 Hamilton Street, Allentown, PA. See attached as Exhibit "A," the proof of service upon Wiener.

4. The subpoena requested documents within thirty days of service of the same. However, greater than thirty days have passed, and AK Steel has not received any documents from Wiener.

5. The documents requested by the above-described subpoena are reasonably calculated to lead to the discovery of admissible evidence, namely a description of the nature and location of the assets of Brutco.

WHEREFORE, AK Steel Corporation requests this Court to enter an Order compelling the response of Joel B. Wiener to the subpoena issued by AK Steel Corporation within ten days from the date of the order.

Respectfully submitted,

*James R. Mall, Esquire*
Pa. I.D. No. 28320

Of counsel:

David G. Oberdick, Esquire
Lisa G. Wilson, Esquire

Meyer, Unkovic & Scott LLP

Meyer Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA 15222
(412) 456-2800

**Attorneys for Plaintiff
AK Steel Corporation**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

EASTERN  DISTRICT OF  PENNSYLVANIA

AK STEEL CORPORATION  
V.  
BRUTCO STAINLESS & ALLOY, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   02-MC-161

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

TO:  Joel B. Wiener, Esquire  
400 Commonwealth Building  
Allentown, PA 18101-1505

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached

| PLACE | DATE AND TIME |
|---|---|
| Meyer, Unkovic & Scott LLP, 1300 Oliver Bldg., Pittsburgh, PA 15222 | 30 Days |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Attorney for Plaintiff | 9/18/02 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Meyer, Unkovic & Scott LLP, 1300 Oliver Bldg., Pittsburgh, PA 15222   (412) 456-2846

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## DOCUMENT REQUEST

### Definitions/Instructions

For the purpose of these discovery requests, the term "document" shall mean any kind of written or graphic matter, however produced or reproduced, electronic or otherwise, of any kind or description, whether sent or received or neither, including, but not limited to, correspondence, memoranda, notes, messages, other writings or communications and all non-identical copies thereof.

The term "concerning" or "relating" as used herein includes, without limitation, constituting, referring to, alluding to, responding to, connected with, commenting upon, in respect to, about, regarding, discussing, showing, describing, reflecting or analyzing.

The term "Defendant" or "Brutco" shall be deemed to refer to Brutco Stainless & Alloy, Inc., which is or was located at 512 Hamilton Street, 3rd Floor, Allentown, Pennsylvania.

"Affiliate" shall be deemed to refer to a business enterprise possibly controlled by another but associated with Defendant under common ownership or control, whether direct or indirect.

The term "You" shall be deemed to refer to Joel B. Wiener with a place of business at Wiener and Wiener LLP, 400 Commonwealth Building, 512 Hamilton Street, Allentown, Pennsylvania, as well as other locations.

The term "SAQ" shall be deemed to refer to SAQ, Inc., which is or was located at Commonwealth Building, Suite 400, 512 Hamilton Street, Allentown, Pennsylvania.

The term "Brunswick" shall be deemed to refer to Brunswick Tube & Bar LLC, which is or was located at Commonwealth Building, Suite 400, 512 Hamilton Street, Allentown, Pennsylvania.

### Documents

1. For the period from January 1, 1997 to the present, produce all documents relating in any way to the financial condition of Defendant, including but not limited to documents relating to operation costs, sales, profits (gross and net), costs of goods sold, debt obligations, loans, assets and liabilities, financial statements (audited and unaudited), profit/loss statements, income tax statements, cash flow statements, projections, books or records of account, bank statements, loan applications, promissory notes or agreements and financial reports.

2. For the period from January 1, 1997 to the present, produce all documents relating in any way to the projected financial condition of Defendant, including but not limited to documents relating to operation costs, sales, profits (gross and net), costs of goods sold, debt obligations, loans, assets and liabilities, financial statements (audited and unaudited), profit/loss statements, income tax statements, cash flow statements, projections, bank statements, loan applications or agreements and financial reports.

3. Produce all documents relating in any way to the existence and location of any bank accounts (of any variety), safe-deposit boxes, pledges, documents of title, securities, notes, coupons, receivables, or collateral relating to or claimed by anyone to be relating to Defendant.

4. Produce all documents which reflect the relationship between You and Defendant, including any agreements between You and Defendant.

5. Produce all documents which reflect the present corporate structure of Defendant, SAQ and/or Brunswick and any affiliate and/or persons related thereto.

6. Produce all correspondence and communications between or among any of the following: Defendant, SAQ, Brunswick and/or You (and/or any of the decision makers of Defendant, SAQ, Brunswick and/or You) relating to Defendant and any documents relating thereto.

7. Produce all documents relating to any correspondence and communications between any affiliate of Defendant and You.

8. Produce all documents relating to any changes in the corporate structure of Defendant, Brunswick and/or SAQ, in the past three years, including but not limited to all documents relating to changes in Defendant's, Brunswick's or SAQ's decision makers.

9. Produce all documents which reflect the existence, value, amount, title and/or ownership of any money, loan, note, moveable or real property or any other thing of value relating by past or present to Defendant (whether the relationship is through an intermediary or otherwise).

10.   Produce all documents which reflect any money, moveable or real property which you possess (solely or with others), have transferred or received that is connected in any way with Defendant or persons associated with Defendant (through an intermediary or otherwise) as well as any documents which reflect the existence, value, amount, title and/or ownership of any such money, moveable or real property transferred, the date of transference, the consideration received therefore, the present location, the circumstances related thereto and the persons who have present possession thereof.

11.   Produce all documents which reflect the existence, transference, receipt, control or possession of any money, moveable or real property that is connected in any way with Defendant or persons associated with Defendant (through an intermediary or otherwise) as well as any documents which reflect the existence, value, amount, title and/or ownership of any such money, moveable or real property transferred, the date of transference, the consideration received (if any), the present location, the circumstances related thereto and the persons who have present possession thereof.

12.   Produce all documents which could reflect the existence of any liability or amounts owed or claimed liability or amounts owed (relating in any way to the Defendant) between or among You, Defendant, SAQ, Brunswick and/or Wells Fargo and any documents which reflect the circumstances thereof.

PCDOCS#: 396933.1

13. Produce all documents which could reflect the existence of any fiduciary relationship (relating in any way to Defendant) between or among You, Defendant, SAQ, Brunswick and/or Wells Fargo and any documents which reflect the circumstances thereof.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within Motion to Compel was served upon Defendant and the entity to which the subpoena, which was the subject of this motion, was directed by First-Class United States Mail, postage prepaid, this 31st day of October, 2002, at the following addresses:

Brutco Stainless & Alloy, Inc.
c/o Gary Bacher
4479 Jamestown Court
Allentown, PA 18104

Joel B. Wiener
Commonwealth Building
Suite 400
512 Hamilton Street
Allentown, PA 18101-1505

*[signature]*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AK STEEL CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRUTCO STAINLESS & ALLOY, INC., )<br>)<br>Defendant. ) | Civil Action No. 02-MC-161 |

### ORDER OF COURT

AND, NOW, to-wit, this _____ day of _____, 2002, upon consideration of Plaintiff AK Steel Corporation's Motion to Compel, it is hereby ORDERED, ADJUDGED and DECREED that said Motion is GRANTED. Joel B. Wiener shall provide full and complete responses to the subpoena issued by AK Steel Corporation within 10 days from the date of this Order.

BY THE COURT:

_____
United States District Judge