IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AK STEEL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 02-MC-161 |
| ) | |
| v. ) | |
| ) | |
| BRUTCO STAINLESS & ALLOY, INC., ) | |
| ) | |
| Defendant. ) | |

### MOTION TO COMPEL GARY BACHER
### TO COMPLY WITH SUBPOENA

NOW COMES Plaintiff, AK Steel Corporation ("AK Steel"), by and through its attorneys, Meyer, Unkovic & Scott LLP, and moves this Court to Order Gary Bacher ("Bacher") to comply with the subpoena served upon him on the following grounds:

1. On June 13, 2002, AK Steel transferred to this Court its judgment in excess of half a million dollars against Brutco Stainless & Alloy, Inc. ("Brutco"), which judgment was entered in the United States District Court for the Western District of Pennsylvania at Civil Action No. 01-0753.

2. Judgment was entered in favor of AK Steel due to Brutco's failure to pay for certain stainless strip steel which AK Steel sold to Brutco. To date, substantially all of the principal judgment in addition to accrued interest remains outstanding.

3. AK Steel has been engaging in efforts to execute on its judgment to which it is entitled. As part of such ongoing efforts, AK Steel issued a subpoena requiring the production of documents from Bacher, Chief Executive Officer of Brutco, at Bacher's home address: 4479 Jamestown Court, Allentown, PA. See attached as Exhibit "A," the proof of service upon Bacher.

4. The subpoena requested documents within thirty days of service of the same. However, greater than thirty days have passed, and AK Steel has not received any documents from Bacher.

5. The documents requested by the above-described subpoena are reasonably calculated to lead to the discovery of admissible evidence, namely a description of the nature and location of the assets of Brutco.

WHEREFORE, AK Steel Corporation requests this Court to enter an Order compelling the response of Gary Bacher to the subpoena issued by AK Steel Corporation within ten days from the date of the order.

Respectfully submitted,

_____
James R. Mall, Esquire
Pa. I.D. No. 28320

Meyer Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA 15222
(412) 456-2800

**Attorneys for Plaintiff
AK Steel Corporation**

Of counsel:

David G. Oberdick, Esquire
Lisa G. Wilson, Esquire

Meyer, Unkovic & Scott LLP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within Motion to Compel was served upon Defendant and the individual to which the subpoena, which was the subject of this motion, was directed by First-Class United States Mail, postage prepaid, this 13th day of November, 2002, at the following address:

Gary Bacher
Brutco Stainless & Alloy, Inc.
4479 Jamestown Court
Allentown, PA 18104

*/s/ James R. Mall*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AK STEEL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 02-MC-161 |
| ) | |
| v. ) | |
| ) | |
| BRUTCO STAINLESS & ALLOY, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER OF COURT

AND, NOW, to-wit, this ____ day of _____, 2002, upon consideration of Plaintiff AK Steel Corporation's Motion to Compel, it is hereby ORDERED, ADJUDGED and DECREED that said Motion is GRANTED. Gary Bacher shall provide full and complete responses to the subpoena issued by AK Steel Corporation within 10 days from the date of this Order.

BY THE COURT:

_____
United States District Judge

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

EASTERN _____ DISTRICT OF _____ PENNSYLVANIA _____

AK STEEL CORPORATION  
        V.  
RUTCO STAINLESS & ALLOY, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  02-MC-161

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

TO: Gary Bacher  
     4479 Jamestown Court  
     Allentown, PA 18104

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached

| PLACE | DATE AND TIME |
|---|---|
| yer, Unkovic & Scott, LLP 1300 Oliver Bldg., Pittsburgh, PA 15222 | 30 Days |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_   Attorney for Plaintiff | 9/18/02 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Meyer, Unkovic & Scott LLP, 1300 Oliver Bldg., Pittsburgh, PA 15222   (412) 456-2846

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit "A"

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE  GARY BACHER, 4479 JAMESTOWN COURT  ALLENTOWN, PA   18104 |
| SERVED   OCTOBER 5, 2002 | |
| SERVED ON (PRINT NAME)  FERN BACHER | MANNER OF SERVICE  SERVED SUBPOENA WITH ATTACHMENT TO FERN BACHER, WIFE WHO ACCEPTED SERVICE. SERVED AT THE ABOVE ADDRESS AT 12:57 PM. |
| SERVED BY (PRINT NAME)  TOM FREDERICKS | TITLE  PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   OCTOBER 18, 2002
              DATE

SIGNATURE OF SERVER  TOM FREDERICKS, PROCESS SERVER
OUR FILE NO:  02-1827

ADDRESS OF SERVER

ESQUIRE DEPOSITION SERVICES, INC.
Legal Support Services
1880 J. F. KENNEDY BLVD.
15TH FLOOR
PHILA., PA  19103

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DOCUMENT REQUEST

### Definitions/Instructions

For the purpose of these discovery requests, the term "document" shall mean any kind of written or graphic matter, however produced or reproduced, electronic or otherwise, of any kind or description, whether sent or received or neither, including, but not limited to, correspondence, memoranda, notes, messages, other writings or communications and all non-identical copies thereof.

The term "concerning" or "relating" as used herein includes, without limitation, constituting, referring to, alluding to, responding to, connected with, commenting upon, in respect to, about, regarding, discussing, showing, describing, reflecting or analyzing.

The term "Defendant" or "Brutco" shall be deemed to refer to Brutco Stainless & Alloy, Inc., which is or was located at 512 Hamilton Street, 3rd Floor, Allentown, Pennsylvania.

"Affiliate" shall be deemed to refer to a business enterprise possibly controlled by another but associated with Defendant under common ownership or control, whether direct or indirect.

The term "You" shall be deemed to refer to Gary Bacher, located at 4479 Jamestown Court, Allentown, PA 18104.

The term "SAQ" shall be deemed to refer to SAQ, Inc., which is or was located at Commonwealth Building, Suite 400, 512 Hamilton Street, Allentown, Pennsylvania.

The term "Brunswick" shall be deemed to refer to Brunswick Tube & Bar LLC, which is or was located at Commonwealth Building, Suite 400, 512 Hamilton Street, Allentown, Pennsylvania.

### **Documents**

1. For the period from January 1, 1997 to the present, produce all documents relating in any way to the financial condition of Defendant, including but not limited to documents relating to operation costs, sales, profits (gross and net), costs of goods sold, debt obligations, loans, assets and liabilities, financial statements (audited and unaudited), profit/loss statements, income tax statements, cash flow statements, projections, books or records of account, bank statements, loan applications, promissory notes or agreements and financial reports.

2. For the period from January 1, 1997 to the present, produce all documents relating in any way to the projected financial condition of Defendant, including but not limited to documents relating to operation costs, sales, profits (gross and net), costs of goods sold, debt obligations, loans, assets and liabilities, financial statements (audited and unaudited), profit/loss statements, income tax statements, cash flow statements, projections, bank statements, loan applications or agreements and financial reports.

3. Produce all documents relating in any way to the existence and location of any bank accounts (of any variety), safe-deposit boxes, pledges, documents of title, securities, notes, coupons, receivables, or collateral relating to or claimed by anyone to be relating to Defendant.

4. Produce all documents which reflect the relationship between You and Defendant, including any agreements between You and Defendant.

5. Produce all documents which reflect the present corporate structure of Defendant, SAQ and/or Brunswick and any affiliate and/or persons related thereto.

6. Produce all correspondence and communications between or among any of the following: Defendant, SAQ, Brunswick and/or You (and/or any of the decision makers of Defendant, SAQ, Brunswick and/or You) relating to Defendant and any documents relating thereto.

7. Produce all documents relating to any correspondence and communications between any affiliate of Defendant and You.

8. Produce all documents relating to any changes in the corporate structure of Defendant, Brunswick and/or SAQ, in the past three years, including but not limited to all documents relating to changes in Defendant's, Brunswick's or SAQ's decision makers.

9. Produce all documents which reflect the existence, value, amount, title and/or ownership of any money, loan, note, moveable or real property or any other thing of value relating by past or present to Defendant (whether the relationship is through an intermediary or otherwise).

10. Produce all documents which reflect any money, moveable or real property which you possess (solely or with others), have transferred or received that is connected in any way with Defendant or persons associated with Defendant (through an intermediary or otherwise) as well as any documents which reflect the existence, value, amount, title and/or ownership of any such money, moveable or real property transferred, the date of transference, the consideration received therefore, the present location, the circumstances related thereto and the persons who have present possession thereof.

11. Produce all documents which reflect the existence, transference, receipt, control or possession of any money, moveable or real property that is connected in any way with Defendant or persons associated with Defendant (through an intermediary or otherwise) as well as any documents which reflect the existence, value, amount, title and/or ownership of any such money, moveable or real property transferred, the date of transference, the consideration received (if any), the present location, the circumstances related thereto and the persons who have present possession thereof.

12. Produce all documents which could reflect the existence of any liability or amounts owed or claimed liability or amounts owed (relating in any way to the Defendant) between or among You, Defendant, SAQ, Brunswick and/or Wells Fargo and any documents which reflect the circumstances thereof.

13. Produce all documents which could reflect the existence of any fiduciary relationship (relating in any way to Defendant) between or among You, Defendant, SAQ, Brunswick and/or Wells Fargo and any documents which reflect the circumstances thereof.